1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6              FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8
RANDY PIGG,                              No. C-12-5009 TEH (PR)
9
              Plaintiff,
10
         v.
11                                       ORDER OF DISMISSAL WITH LEAVE
GERTRUDE GAMBLE, JOHN M. PARSONS,        TO AMEND
12  JOHNSTON H. CHANDLER and ERNEST
TERRELL, JR.,
13
              Defendants.
14  _____/

15

16        Plaintiff Randy Pigg, a state inmate incarcerated at the

17  California Training Facility in Soledad, filed a pro se action

18  against Gertrude Gamble, John M. Parsons, Johnston H. Chandler and

19  Ernest Terrell, Jr.[1]  Plaintiff's application to proceed in forma

20  pauperis has been granted in a separate order.  This action is now

21  before the Court for review under 28 U.S.C. § 1915A.

22                                I

23        In his complaint, Plaintiff alleges that Defendants

24  defrauded him from his share of the Gertrude Gamble estate, which

25  was comprised of real property located in the state of Louisiana.

26  _____

27        [1]Although not named in the caption of his complaint, Plaintiff
    alleges that, in addition to the named Defendants, he holds "harmful"
    the law firm of James Campbell, Cook, Yancey, King and Galloway and
28  Palmer Petroleum Inc., Exco Resources, Inc. and Petrohawk Operating
    Company.

Plaintiff alleges that Ernest Terrell Jr. "purports to have sold his interest in the Gamble property to give the impression that he sold his interest in the DeSoto Parish Property with all of the fellow heirs.  This is not the case.  In actuality, it was to primarily deceive the fellow heirs.  A ploy to have total control of the property in question, plus mineral interest."  Based upon these allegations, Plaintiff asserts the claims of fraud and "disputed title."  Plaintiff's requests for relief include: restoration of his legal title to the Gertrude Gamble estate; a preliminary injunction closing all lease roads entering and exiting the Gamble estate property; dissolution of all oil and gas lease contracts; an accounting concerning all financial matters of the Gertrude Gamble estate property; an order directing the State of Louisiana Commissioner of Conservation to release all records concerning the Parsons Well Unit and other forms of injunctive relief.

## II

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Furthermore, when a plaintiff requests to proceed _in forma pauperis_, a court must engage in a preliminary screening of the complaint when it alleges claims against private individuals or entities.  28 U.S.C. § 1915(e)(2).  Under both statutes, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

**2**

immune from such relief.  28 U.S.C. §§ 1915A(b) and 1915(e)(2).

Pro se pleadings must be liberally construed.  Hebbe v. Pliler, 627

F.3d 338, 342 (9th Cir. 2010).

III

"Federal courts are courts of limited jurisdiction.  They

possess only that power authorized by Constitution and statute,

. . . which is not to be expanded by judicial decree."  Kokkonen v.

Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The court

is presumed to lack jurisdiction unless the contrary appears

affirmatively from the record.  DaimlerChrysler Corp. v. Cuno, 547

U.S. 332, 342 n.3 (2006).  Federal courts have a duty to examine

jurisdiction sua sponte before proceeding to the merits of a case.

S. Pac. Transp. Co. v. City of Los Angeles, 922 F.2d 498, 502 (9th

Cir. 1990).  "If the court determines at any time that it lacks

subject-matter jurisdiction, the court must dismiss the action."

Fed. R. Civ. P. 12(h)(3).

The complaint must demonstrate that the district court has

either federal question or diversity jurisdiction.  The diversity

jurisdiction statute confers jurisdiction in cases where the parties

are citizens of different states and where the amount in controversy

exceeds $75,000.  28 U.S.C. § 1332.  The diversity statute is

strictly construed, and any doubts are resolved against finding

jurisdiction.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088,

1092 (9th Cir. 1983).  Because the citizenship of the parties is a

jurisdictional fact in diversity actions, the burden is on the

plaintiff -- the party invoking federal jurisdiction -- to plead and

3

prove such facts.  <u>Bautista v. Pan American World Airlines, Inc.,</u>
828 F.2d 546, 552 (9th Cir. 1987).

On the cover sheet of his complaint, Plaintiff has checked
the box indicating that the basis of jurisdiction is diversity.  He
has also checked the boxes indicating that he is a citizen of this
state and that Defendants are incorporated and have their principal
place of business in another state.  He also indicates that he
demands $10,000,000 in damages.  Thus, from the cover sheet, it
appears that Plaintiff may meet the requirements for diversity
jurisdiction.

However, as indicated above, it is not clear from
Plaintiff's complaint which individuals or businesses he is actually
suing.  In order to sufficiently allege diversity jurisdiction,
Plaintiff must specify the state of citizenship for each individual
and business he is suing.  Because Plaintiff alleges that he is a
citizen of California, diversity jurisdiction exists only if all
named Defendants are citizens of states other than California.
Therefore, this complaint is dismissed for lack of diversity
jurisdiction.  Furthermore, Plaintiff does not allege federal claims
and, thus, there is no federal question jurisdiction here.  <u>See</u> 28
U.S.C. § 1332.  Plaintiff is given leave to amend to adequately
allege that there is complete diversity between the parties.

Moreover, Plaintiff's complaint must be dismissed for
another reason.  Plaintiff's claims of fraud and disputed title are
not adequately alleged.  Plaintiff must allege each Defendant's
conduct that gives rise to each claim.  Furthermore, claims of fraud

4

must be stated with particularity.  See Fed. R. Civ. Pro. 9(b)

(party alleging fraud "must state with particularity the

circumstances constituting fraud or mistake").

In Louisiana, the elements of a claim of fraud are "a

misrepresentation of material fact made with the intent to deceive

when there was reasonable or justifiable reliance by the plaintiff

and resulting injury."  Chateau Homes by RJM, Inc. v. Aucoin, 97 So.

3d 398, 404-05 (La. App. 5 Cir. 2012).[2]  Rule 9(b)'s particularity

requirements apply to state as well as federal claims of fraud.

Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003).

To adequately plead fraud, a plaintiff must allege the circumstances

of the fraudulent conduct which includes the time, place and nature

of the alleged fraudulent activities or statements.  Swartz v. KPMG

LLP, 476 F.3d 756, 764 (9th Cir. 2007).  When several defendants are

sued in connection with an alleged fraudulent scheme, the complaint

does not necessarily have to identify the false statements made by

each defendant, but the complaint must inform each defendant of the

allegations surrounding its alleged participation in the fraud.  Id.

at 764-65.

Plaintiff is given leave to amend his complaint to remedy

the noted deficiencies.  Plaintiff also may consider filing his

---

[2]The Court cites Louisiana law because the real property at issue
is alleged to be located in that State.  This does not mean that the
Court has concluded that Louisiana law applies to Plaintiff's claims.
The law regarding fraud under California law is similar to
Louisiana's. See Saldate v. Wilshire Credit Corp., 686 F. Supp. 2d
1051, 1063 (E.D. Cal. 2010) (elements of fraud in California are:
(1) misrepresentation; (2) knowledge of the falsity; (3) intent to
defraud; (4) justifiable reliance; and (5) resulting damage).

5

complaint in the state of Louisiana, where the real property at issue is located and where, the Court assumes, Defendants are located.   The Court notes that, if Defendants do not have sufficient contacts with the state of California, they may not be subject to personal jurisdiction in this district.   <u>See e.g.</u> <u>Calder v. Jones</u>, 465 U.S. 783, 788 (1984) ("The Due Process Clause of the Fourteenth Amendment to the United States Constitution permits personal jurisdiction over a defendant in any State with which the defendant has certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. . . . In judging minimum contacts, a court properly focuses on the relationship among the defendant, the forum, and the litigation.").   Therefore, dismissal is without prejudice to refiling this action in state court.

IV

For the foregoing reasons, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE TO REFILING IN STATE COURT and is also DISMISSED WITH LEAVE TO FILE A FIRST AMENDED COMPLAINT against all Defendants that Plaintiff wishes to proceed against in this action. If Plaintiff chooses to file a First Amended Complaint, the pleading must be simple, concise and direct and must state clearly and succinctly how each and every Defendant is alleged to have engaged in conduct that gave rise to Plaintiff's claims and, as discussed above, the fraud claim must be alleged with particularity.   The pleading must include the caption and civil case number used in this order and the words COURT ORDERED FIRST AMENDED COMPLAINT on the

first page.  Failure to file a proper First Amended Complaint within (28) twenty-eight days from the date of this order will result in the dismissal of this action.

If Plaintiff decides to re-file this action in Louisiana state court, he shall so inform the Court, and this case will be dismissed.


IT IS SO ORDERED.

DATED        _11/07/2012_                    _____
                                            **THELTON E. HENDERSON**
                                            **United States District Judge**

G:\PRO-SE\TEH\CR.12\Pigg 12-5009-dis lack fed juris.wpd

7