IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY PIGG, | No. C-12-5009 TEH (PR) |
| Plaintiff, | |
| v. | ORDER OF TRANSFER |
| GERTRUDE GAMBLE, JOHN M. PARSONS, JOHNSTON H. CHANDLER and ERNEST TERRELL, JR., | (Doc. #11) |
| Defendants. | |

Plaintiff Randy Pigg, an inmate at the California Correctional Training Facility at Soledad, filed a pro se action against Gertrude Gamble, John M. Parsons, Johnston H. Chandler, Ernest Terrell, Jr. and others regarding real property located in Shreveport, Louisiana. On November 8, 2012, this Court dismissed the complaint with leave to amend for Plaintiff to demonstrate that the Court has either federal question or diversity jurisdiction over his complaint, which appeared only to plead state law causes of action.

Plaintiff has filed a motion for appointment of counsel, doc. #11, and he has submitted other documents to the Court, which

have been received, but have not been filed.[1] A document entitled, "Court Ordered First Amended Complaint Re: Diversity Jurisdiction," has been filed. Doc. #12. In this document, Plaintiff indicates that he is pleading diversity jurisdiction and that five Defendants are located in Shreveport, Louisiana, one Defendant is located in Texas and one Defendant is located in Oklahoma. Doc. #12. Therefore, Plaintiff has pleaded diversity jurisdiction. However, this case must be transferred because venue in this district is improper.

Under the federal venue statute, a civil action may be brought in --

> (1) a judicial district in which any defendant resides, if all of defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Where a case is filed in an improper venue, the district

---

[1] Several documents are requests for the Court to issue orders regarding the real property at issue, such as: (1) "Request for, to Stop Production of Machinery Wells; Cease and Desist Order;" (2) "Re: Machinery Drilling Operator's Individual Duty;" and (3) "Request Vendor's Lien Against the Interests of John M. Parsons." Other documents appear to be portions of a First Amended Complaint, which is properly submitted as one document. As discussed below, this case is transferred to the Western District of Louisiana and this Court no longer has authority to consider Plaintiff's requests. Therefore, these documents will be returned to Plaintiff.

court has the discretion either to dismiss the case or transfer it to the proper federal court "in the interest of justice."  28 U.S.C. § 1406(a).  Venue may be raised by the court <u>sua sponte</u> where the defendant has not yet filed a responsive pleading and the time for doing so has not run.  <u>Costlow v. Weeks</u>, 790 F.2d 1486, 1488 (9th Cir. 1986).

Furthermore, under 28 U.S.C. § 1404(a), "For the convenience of parties and witnesses, in the interests of justice, a court may transfer any civil action to any other district or division where it might have been brought . . ."

Because no Defendant resides in this district, the property that is the subject of this action is not situated in this district, and the events or omissions giving rise to Plaintiff's claims did not occur in this district, venue in this district is improper and the case must be dismissed or transferred.  Shreveport, Louisiana, where five of the seven Defendants reside, where the property that is the subject matter of this action is situated and where the events or omissions giving rise to Plaintiff's claims most likely arose lies within the venue of the United States District Court for the Western District of Louisiana.

Accordingly, IT IS ORDERED in the interests of justice and pursuant to 28 U.S.C. §§ 1406(a) and 1404(a), that this action be TRANSFERRED to the Western District of Louisiana.  Ruling on Plaintiff's pending motion for appointment of counsel is deferred to the Western District of Louisiana.  The extraneous documents that Plaintiff has submitted will be returned to him.

The Clerk of the Court shall transfer this case, terminate

3

docket number 11 and return Plaintiff's documents to him.

    IT IS SO ORDERED.

DATED  *03/13/2013*

               THELTON E. HENDERSON
               United States District Judge

G:\PRO-SE\TEH\CR.12\Pigg 12-5009-tran improper venue.wpd

**4**