UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RANDY PIGG                                   CIVIL ACTION NO. 13-cv-0564

VERSUS                                       JUDGE STAGG

GERTRUDE GAMBLE, ET AL                       MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Randy Pigg ("Plaintiff") is a California inmate. He filed a pro se complaint in the Northern District of California against several defendants. He alleges that he was somehow defrauded of his share of estate property located in DeSoto Parish, Louisiana. He requested relief including restoration of legal title, an injunction closing all lease roads on the property, dissolution of mineral leases, and an accounting.

The California federal court explored the basis for subject-matter jurisdiction, which in a case of this kind must rest on diversity of citizenship or the assertion of a federal claim. The court noted the lack of a federal claim. With respect to diversity, the court stated that Plaintiff alleged he was a citizen of California but did not specifically allege the citizenship of the defendants he was suing. The court allowed Plaintiff an opportunity to amend his complaint and establish diversity. Plaintiff did so by identifying four defendants in Louisiana, one in Texas, and one in Oklahoma. The California court found that Plaintiff had plead diversity jurisdiction, but it transferred venue to this district based on the location of the property that is the subject of the action.

This court directed Plaintiff to re-file his complaint on the forms approved in this district. Doc. 16. Plaintiff then filed a new complaint (Doc. 21) that identified several defendants. The list includes corporations, a limited partnership, and a limited liability company. There are special rules for determining the citizenship of such entities, and the complaint does not comply with them. The court need not explore those issues further, however, because there is not diversity of citizenship between Plaintiff and the first-listed defendant, Ernest Terrell, Jr.

Plaintiff is proceeding in forma pauperis ("IFP"). The court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous. The court also has a duty to examine the basis for subject-matter jurisdiction. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). If subject-matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915. Humphries v. Various Federal U.S. INS Employees, 164 F.3d 936, 941 (5th Cir. 1999).

When bringing suit in federal court, "[t]he plaintiff has the burden of pleading the existence of the court's jurisdiction, and, in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." Whitmire v. Victus Ltd., 212 F.3d 885, 887 (5th Cir. 2000) (citation and internal quotation marks omitted). It is well established that the diversity statute, 28 U.S.C. § 1332, requires complete diversity of citizenship. That means that the citizenship of each defendant must be diverse from that of each plaintiff. A federal court cannot exercise diversity jurisdiction if

any plaintiff shares the same state of citizenship as any defendant. Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992).

The California court characterized Plaintiff as a California citizen, and Plaintiff does not contend that he is a citizen of any another state. He is incarcerated in a prison in Soledad, California. It appears that he was the person convicted in the People v. Randy Edward Pigg, 2006 WL 990955 (Cal. App. 4th Dist. 2006). The facts of that case, in which the defendant was convicted of molesting a grandniece, a grandnephew, and a boy who lived in the home, indicate the defendant was domiciled in California even before being incarcerated. Plaintiff alleges that defendant Terrell is "a resident of and domiciled in Los Angeles County, California."

The original complaint filed in California listed Ernest Terrell, Jr. as a defendant and accused him of being a key player in the alleged fraud. Plaintiff did not list Mr. Terrell in the document he submitted to the California court when asked to establish diversity jurisdiction, but he again squarely listed Terrell as a defendant in the complaint he filed with this court, and he has repeated the allegations against Terrell of being a key participant in the alleged fraud. Plaintiff and Mr. Terrell share California citizenship, so the court lacks diversity jurisdiction to hear this court. The federal courts, being of limited jurisdiction, may hear only certain types of cases, and this is not one of them. Plaintiff will have to pursue his remedies in a state court.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed without prejudice** for lack of subject-matter jurisdiction.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 14th day of May, 2013.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE